IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD MEADOWS, : <br> ANTHONY HENRY, : <br> DAVID WALKER, : <br> JONATHAN FAVORS, : <br> TAVARIS SMITH, : <br> LARRY WHEELER, JR. : <br> DERRICK CLARKE, : <br> GEORGE McBETH, : <br> PATRICE FENDALL, : <br> WINSTON FRENCH, : <br> WHITNEY RENEE BROWN,: <br> HOWARD GREEN, III : <br> RANDY JENKINS, and : <br> AUDREA BANKS, : <br> Individually, and on behalf of : <br> all others similarly situated, : <br>  : <br>     Plaintiffs, : <br>  : <br> v. : <br>  : <br> SOTERIA FORCE, a : <br> domestic corporation, : <br> SOTERIA FORCE LOSS : <br> PREVENTION, INC., a : <br> domestic corporation, and : <br> WOODROW TILLERY, : <br>  : <br>     Defendants. : <br> _____: | CIVIL ACTION FILE <br> NO. _____ |

## COLLECTIVE ACTION COMPLAINT

COME NOW PLAINTIFFS EDWARD MEADOWS, ANTHONY HENRY, DAVID WALKER, JONATHAN FAVORS, TAVARIS SMITH,

Page 1 of 19

LARRY WHEELER, JR., DERRICK CLARKE, GEORGE McBETH, PATRICE FENDALL, WINSTON FRENCH, WHITNEY RENEE BROWN, HOWARD GREEN, III, RANDY JENKINS, and AUDREA BANKS, Individually, and on behalf of all other similarly-situated Individuals, assert their claims against Defendants SOTERIA FORCE, SOTERIA FORCE LOSS PREVENTION, INC. and WOODROW TILLERY under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, [hereinafter "FLSA"] and under state law to recover unpaid overtime wages, liquidated damages, the reimbursement of improper deductions from their gross wages, and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendants reside herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## **PARTIES**

3.

Plaintiff Edward Meadows, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately late 2012 and May 16, 2016.  At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1). For at least a portion of Mr. Meadows' employment with Defendants, Defendants intentionally misclassified him as an independent contractor and did not pay him a premium of at least one and one half times his regular rate for each hour worked above 40 in a given workweek.

4.

Plaintiff Anthony Henry, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately May, 2014 and February, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

5.

Plaintiff David Walker, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately February, 2014 and February, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

6.

Plaintiff Jonathan Favors, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately end 2013 and May 18, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

7.

Plaintiff Tavaris Smith, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately March 2013 and August 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

8.

Plaintiff Larry Wheeler, Jr., a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between October 11, 2013 and November 18, 2015. At all material times, Plaintiff

was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

9.

Plaintiff Derrick Clarke, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately 2011 and 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

10.

Plaintiff George McBeth, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately 2010 and August, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

11.

Plaintiff Patrice Fendall, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately January, 2015 and October, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

12.

Plaintiff Winston French, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately March, 2015 and March, 2016. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

13.

Plaintiff Whitney Renee Brown, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately August, 2014 and early March, 2016. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

14.

Plaintiff Howard Green, III, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately June, 2014 and April 3, 3015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

15.

Plaintiff Randy Jenkins, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately April 15, 2015 and May 7, 2016. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

16.

Plaintiff Audrea Banks, a Georgia resident, is a former security officer of Defendants, having been employed by Defendants between approximately July, 2014 and March, 2015. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1).

17.

Defendant Soteria Force is a privately-held, domestic profit corporation, and is therefore subject to the jurisdiction of this Court. The primary business of Defendant Soteria Force is to provide security services to its clients. At all relevant times, Defendant Soteria Force has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Soteria Force may be served with process upon its Registered Agent: Woodrow Tillery, 2001 Martin Luther King, Jr. Drive, Suite 312, Atlanta, Georgia 30310, or wherever he may be found.

18.

Defendant Soteria Force Loss Prevention, Inc. ("SFLP") is a privately-held, domestic profit corporation, and is therefore subject to the jurisdiction of this Court.  The primary business of Defendant SFLP is to provide security services to its clients. At all relevant times, Defendant SFLP has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Defendant SFLP may be served with process upon its Registered Agent:  Woodrow Tillery, 2001 Martin Luther King, Jr. Drive, Suite 312, Atlanta, Georgia 30310, or wherever he may be found.

19.

Defendant Woodrow Tillery ("Mr. Tillery") is an individual, who, on information and belief, is the Chief Executive Office of Defendants who is subject to the jurisdiction of this Court.  Defendant Tillery is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because at all relevant times he was substantially involved in the day-to-day operations and management of Defendants Soteria Force and SFLP and supervised their employees.  Defendant Tillery may be personally served with process at his business address: 2001 Martin Luther King, Jr. Drive, Suite 312, Atlanta, Georgia 30310, or wherever he may be found.

20.

At all relevant times, Defendants were Plaintiffs' "joint employers" as that term is defined at 29 C.F.R. § 791, *et seq*.

21.

At all material times during their employment, Plaintiffs were "engaged in commerce" as employees of Defendants as defined at 29 U.S.C. §206(a).

22.

At all material times during Plaintiffs' employment, each Defendant was an "enterprise engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

23.

At all material times during since 2013, each Defendant had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

24.

Since 2013, each Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

25.

During each year since 2013, Defendants Soteria Force and SFLP each had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C §203(s)(1)(A).

26.

During each year since 2013, Defendants Soteria Force and SFLP each had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C §203(s)(1)(A).

27.

During each year since 2013, Defendants each has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

28.

At all times material hereto, Plaintiffs were not exempt from the minimum wage or overtime pay requirements of the FLSA by reason of any exemption.

## **FACTS**

29.

Plaintiffs are/were employed by Defendants as security officers.

30.

Plaintiffs completed daily timesheets or otherwise reported their actual hours worked to Defendants on a daily basis.

31.

Plaintiffs rarely received meal breaks during their employment with Defendants, or if they received meal breaks, those breaks were often interrupted by having to perform mandatory, job-related duties.

32.

Defendants failed and refused to compensate Plaintiffs for their meal breaks, even though Plaintiffs were engaged to be waiting or were engaged in job-related duties during such breaks.

33.

Defendants deducted money from Plaintiffs' gross wages during each workweek for the time they ostensibly spent during their meal breaks. Defendants' practice of taking deductions from Plaintiffs' gross wages for meal breaks (regardless of whether or not a meal break was actually taken) was consistent among all Plaintiffs.

34.

Plaintiffs generally worked more than 40 hours in every work week they were employed by Defendants.

35.

Defendants failed to properly compensate Plaintiffs for all overtime hours worked at a rate of one and one-half times each Plaintiff's regular rate of pay.

36.

Defendants either paid Plaintiffs straight time for their overtime hours, depriving them of their overtime premium for each overtime hour worked, or failed to compensate Plaintiffs for every overtime hour worked.

37.

Defendants also deducted money from Plaintiffs' gross wages money for Plaintiffs' uniforms, sometimes driving Plaintiffs' wages below the minimum wage for the workweek the deductions were made.

38.

Defendants made Plaintiffs return their uniforms when they separated their employment from Defendants.

39.

Defendants improperly withheld Plaintiffs' final paychecks unless and until Plaintiffs returned their used uniforms to Defendants.

## COUNT I:

## **VIOLATION OF SECTION 206 OF THE FLSA**

40.

Plaintiffs restate the allegations contained in Paragraphs 1-39 of their Complaint as is fully set forth.

41.

At all material times, Plaintiffs were non-exempt, hourly employees of Defendants.

42.

During workweeks that Defendants took deductions from Plaintiffs' gross wages for uniforms and/or meal breaks, the result was that some Plaintiffs earned less than the minimum wage for each hour worked.

43.

Defendants knew or should have known that the FLSA applied to Plaintiffs, and that they had a duty to ensure Plaintiffs were paid at least the federal minimum wage for each hour they worked.

44.

Defendants' failure to pay Plaintiffs at least the federal minimum wage for each hour worked during each workweek worked was willful.

45.

As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to an award of back pay in the amount of at least $7.25/hour for each uncompensated hour they worked.

## COUNT II:

## VIOLATION OF SECTION 207 OF THE FLSA

46.

Plaintiffs restate the allegations contained in Paragraphs 1-45 of their Complaint as is fully set forth.

47.

At all material times, Plaintiffs were non-exempt, hourly employees of Defendants.

48.

Plaintiffs regularly worked more than 40 hours in a given workweek for Defendants, but Defendants did not properly compensated them at a rate of at least one and one half times their regular rate of pay for each hour worked in excess of 40 hours in every workweek.

49.

Defendants knew or should have known that the FLSA applied to Plaintiffs, and that they had a duty to ensure Plaintiffs were paid at least one

and one-half times their regular rate of pay for each hour worked over 40 in a given workweek.

50.

Defendants willfully failed to properly compensate Plaintiffs for their hours worked in excess of 40 hours during a given workweek.

51.

As a result of Defendants' willful failure, Plaintiffs are entitled to an award of back pay in the amount one and one-half times their regular rate of pay for each uncompensated hour worked over 40 in any given workweek for which Defendants did not compensate Plaintiffs at the statutory rate.

52.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT III:

## **BREACH OF CONTRACT**

53.

Plaintiffs restate the allegations contained in Paragraphs 1-52 of their Complaint as is fully set forth.

54.

At the time Defendants hired each Plaintiff, Defendants agreed to pay each Plaintiff a specific hourly rate of pay.

55.

Plaintiffs accepted employment with Defendants on the condition and with the expectation that they would receive at least the hourly rate of pay for each hour worked up to 40 hours in a given workweek as promised by Defendants, and at least one and one-half times their regular rate of pay for each hour worked over 40 in a given workweek.

56.

By taking various deductions from Plaintiffs' gross wages, like for meal breaks during each pay period, or for uniforms, or by not paying Plaintiffs consistently with the terms of the agreement reached at the time of hire, Defendants materially breached their agreement to pay Plaintiffs the agreed-upon hourly rate of pay for each hour worked.

57.

As a result of Defendants' breach, Plaintiffs have been harmed in an amount to be specifically proven at trial.

## COUNT IV:

## **UNJUST ENRICHMENT**

58.

Plaintiffs restate the allegations contained in Paragraphs 1-57 of their Complaint as is fully set forth.

59.

By performing duties as security officers for Defendants, Plaintiffs conferred a benefit on Defendants.

60.

Defendants had knowledge of the benefits conferred upon them by Plaintiffs.

61.

Defendants accepted the benefit of the services conferred upon them by Plaintiffs.

62.

The circumstances are such that it would be inequitable for Defendants to retain the benefit of Plaintiffs' services without fully paying for them.

**WHEREFORE**, Plaintiffs request:

(a)    that their Complaint be read and considered;

(b)    that service of process issue as authorized by law;

(c) that the Court declare that Defendants have violated Plaintiffs' rights under the FLSA;

(d) that the Court award Plaintiffs the value of their unpaid minimum wages;

(e) that the Court award Plaintiffs the value of their unpaid overtime wages;

(f) that the Court award Plaintiffs liquidated damages as authorized by the FLSA;

(g) that the Court award Plaintiffs their expenses of litigation, including their reasonably-incurred attorney's fees as authorized by the FLSA;

(h) that the Court award Plaintiffs contract damages, or in the alternative, damages for unjust enrichment/quantum meruit; and

(i) that the Court award such other further relief this Court deems just, equitable and proper.

                                                Respectfully submitted,
                                                */s/ Dean R. Fuchs*
                                                DEAN R. FUCHS
                                                Georgia Bar No. 279170
                                                STEPHEN W. BROWN
                                                Georgia Bar No. 290672

                                                Attorneys for Plaintiffs

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.

Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com
s.brown@swtwlaw.com